**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE**, *et al.*, <br><br> Defendants. | Civil Action No. 23-1054 (TSC) |

<u>**MEMORANDUM OPINION**</u>

*Pro se* Plaintiff Harold Jean-Baptiste brings this action against the United States Department of Justice, the Attorney General of the United States Merrick Garland, the Federal Bureau of Investigation ("FBI"), FBI Director Christopher Wray, and the Civil Process Clerk for the U.S. Attorney's Office.  He alleges that unidentified FBI agents blocked him from executing unspecified securities trades on E*TRADE.  For the reasons that follow, the court will dismiss this action *sua sponte*.

Plaintiff claims that "E*TRADE was instructed by the FBI Special Agent to restrict [his] account, block all investment trades, block the removal of funds and instruct the plaintiff to provide a gas utility bill to remove the restriction on the account."  Am. Compl., ECF No. 3 at 8.  He further claims to have had a conversation with an E*TRADE Assistant on April 6, 2023, during which the employee explained that Plaintiff would not be able to "transfer the funds" until a "restriction" is "resolved," but E*TRADE is "working on getting the documents reviewed to remove the restriction."

*Id*. at 10.  Over the course of the conversation, Plaintiff was repeatedly told that he would be able to transfer funds once he provided a "Letter of Instruction" explaining "why the bank returned the funds."  *Id*. at 11–13.  At no point in the call did the E*TRADE representative mention the FBI or any other government actor.

Plaintiff's allegations regarding the FBI rely on his own unsubstantiated hypotheses about why he is unable to transfer funds from his E*TRADE account.  He has made no factual allegation regarding any FBI actions or any other government action.  Instead, he concludes, without any factual basis, that the restriction placed on his E*TRADE account is the result of covert action by the FBI. He claims that "[t]he [FBI's] strategy is to punish the plaintiff with their illegal actions or egregious actions to oppress the plaintiff's life for suing the FBI for attempts to destroy the plaintiff's life."  *Id*. at 17.

He further alleges—again without any factual support—that the FBI to "unfairly target[ed]" him because of "his race, color, national origin, or malicious intentions."  *Id*. at 18.

Plaintiff cites to at least twenty or more statutes and the Fourth and Ninth Amendments to the U.S. Constitution, but he does not explain the relevance of these citations.  He seeks $2 million in punitive damages.

Ultimately, Plaintiff's allegations regarding a federal government conspiracy to block him from executing securities trades and transferring funds from his brokerage account in retaliation for filing suit against the government is "similar to those in a number of cases that district courts have dismissed for patent insubstantiality."  *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (citing *Curran v. Holder*, 626 F. Supp. 2d 30, 33–34 (D.D.C. 2009) (plaintiff alleged a "campaign or surveillance and harassment" from the FBI)).  While *pro se* complaints must be construed liberally,

*see Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), they are nonetheless properly dismissed *sua sponte* when the claims are "patently frivolous," *Reiner v. Roberts*, No. 20-cv-31, 2020 WL 7690275, at *1 (D.D.C. Apr. 3, 2020).

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When the claim "present[s] no federal question suitable for decision," the court lacks subject matter jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). Here, because Plaintiff's claims do not present a federal question, the court invokes Rule 12(b)(1) to dismiss the Complaint. *See Curran*, 626 F. Supp. 2d at 33 (dismissing plaintiff's complaint because his "claims relating to alleged government surveillance and harassment are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232 (D.D.C. 2007))); *Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 181–82 (D.D.C. 2011) (dismissing plaintiff's "government torture, surveillance, and harassment" claims under Rule 12(b)(1)).

Accordingly, this court will dismiss this action for lack of jurisdiction. An Order of Dismissal will accompany this Memorandum Opinion.

Date:  May 31, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge